## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| **DR. CRYSTAL HARMON,**<br>14 Stone Ridge Ct.<br>Stafford, VA 22554 | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. _____** |
| v. | ) ) ) | |
| **MERRICK B. GARLAND,**<br>Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) ) | |

## COMPLAINT

### (Sex, Race, and Color Discrimination)

1.    Plaintiff Dr. Crystal Harmon brings this action against Defendant Merrick B. Garland, Attorney General, in his official capacity as the head of the U.S. Department of Justice, to recover compensatory damages and reasonable attorney's fees and costs for sex, race, and color discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

### PARTIES, JURISDICTION, VENUE and EXHAUSTION

2.    Plaintiff Harmon is a resident of Stafford, VA.

3.    Defendant Garland is the Attorney General of the United States Department of Justice (the Agency), an agency of the federal government.

4.      The Agency employs Dr. Harmon as an Instructional Systems Specialist, GS-1750-12, at the Federal Bureau of Investigation's Training Academy, located at 57 Bureau Pkwy, Stafford, VA 22556. The Agency has employed Dr. Harmon at the Training Academy since May 2, 2012.

5.      The Civil Rights Act of 1964, as amended, provides this Court with personal jurisdiction over the Agency because the events giving rise to the claims that Dr. Harmon allege as discriminatory and retaliatory conduct occurred at the Training Academy headquarters in Stafford, Virginia.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(e)(1).

8.      Dr. Harmon properly exhausted her administrative remedies pursuant to 29 C.F.R. §1614.407(a) as she received the Agency's final agency decision (FAD) on December 15, 2020.

### STATEMENT OF FACTS

9.      Dr. Harmon is African American, female, and has dark skin.

10.      Dr. Harmon began her employment at the Training Academy on May 12, 2012, at the grade of GS-11.

11.      Dr. Harmon's position is a "career ladder" position spanning grades 11 to 13.

12.      To be eligible for promotion to the next grade on a career ladder, an employee must complete 52 weeks at their current grade, achieve a rating of at least "Successful" on her most recent annual Performance Appraisal Report ("PAR"), and demonstrate the ability to perform at the next grade.

13.      An employee demonstrates their ability to perform at the next grade by being given work appropriate for the next grade and then achieving a rating of at least "Successful" on her next

PAR.  It is the responsibility of every supervisor to assign their career ladder employees work appropriate for the next grade until they reach their ladder's maximum grade.

14.    It is the longstanding practice of the FBI to promote career ladder employees who have achieved a rating of Successful on their most recent PAR, and have not reached their ladder's maximum grade, on or shortly after they complete 52 weeks at their present grade.

15.    If an employee is not demonstrating the ability to perform at her next grade, her supervisor is obligated to document this fact and work with the Training Academy's Academy Services Unit ("ASU") to provide developmental support.  A supervisor should not rate a career ladder employee who has not reached her maximum grade as Successful on their PAR if she  is not performing at level sufficient for promotion to the next grade.

16.    Dr. Harmon achieved a rating of Successful on her 2012 PAR.

17.    Dr. Harmon became eligible for promotion from GS-11 to GS-12 on or about May 11, 2013.

18.    Dr. Harmon's supervisor, Rebecca Romano, was notified by ASU of Dr. Harmon's upcoming eligibility for promotion to GS-12 approximately one month before May 11, 2013.

19.    Ms. Romano did not promote Dr. Harmon to GS-12 in May 2013.  Instead, she told Dr. Harmon to wait until her 2013 PAR in August 2013.

20.    Dr. Harmon received a rating of at least Successful on her 2013 PAR.  However, Ms. Romano again told Dr. Harmon that she would need to wait to be promoted.

21.    Shortly after this conversation with Ms. Romano, Dr. Harmon contacted ASU about her difficulty in being promoted.  The head of ASU, Dr. Gerilyn Johnson, then contacted Ms. Romano to inquire as to the delay.  Ms. Romano explained that she was concerned about Dr. Harmon's performance; at which point Dr. Johnson requested documentation of any performance

issues.   When Ms. Romano failed to provide any documentation, Dr. Johnson notified Ms. Romano's supervisor, Cathy Fletcher, of the situation.

22.     Ms. Romano promoted Dr. Harmon to GS-12 on or about February 9, 2014.

23.     Dr. Harmon received a rating of "Outstanding" on her 2014 PAR.

24.     In or about January 2015, ASU notified Ms. Romano that Dr. Harmon would be eligible for promotion to GS-13 on or about February 8, 2015.

25.     Ms. Romano did not promote Dr. Harmon to GS-13 when she became eligible.

26.     Dr. Harmon asked Ms. Romano about the reason for her non-promotion shortly after she became eligible, and Ms. Romano again told her that she needed to wait.

27.     Dr. Harmon received ratings of Outstanding on her 2015 PAR and 2016 PAR.

28.     To this day, Dr. Harmon has not received a promotion to the final grade on her career ladder and remains a GS-12.

29.     All Instructional System Specialists perform substantially the same duties under similar working conditions that require substantially equal skill, effort, and responsibility, regardless of whether they are a GS-11, GS-12, or GS-13.

30.     Since at least February 9, 2015, there has been at least one male, GS-13 Instructional System Specialist performing substantially the same work as Dr. Harmon.

31.     Since 2011, no other Instructional System Specialists at the Training Academy have received an Outstanding rating on their PAR and not been promoted to the next grade on their career ladder.

32.     Since 2011, no other Instructional System Specialists at the Training Academy have received at least a Successful rating on their PAR and had to wait more than a year to be promoted to the next grade on their career ladder.

### Count I – Disparate Treatment on the Basis of Sex

33. Plaintiff hereby restates and incorporates paragraphs 9-30.

34. Plaintiff was subject to unlawful discrimination on the basis of her sex (female) when, beginning on or about February 9, 2015, and continuing to the present, Defendant failed to give her a career ladder promotion to GS-13.

### Count II – Disparate Treatment on the Basis of Race

35. Plaintiff hereby restates and incorporates paragraphs 9-30.

36. Plaintiff was subject to unlawful discrimination on the basis of her race (African American) when, beginning on or about February 9, 2015, and continuing to the present, Defendant failed to give her a career ladder promotion to GS-13.

### Count III – Disparate Treatment on the Basis of Color

37. Plaintiff hereby restates and incorporates paragraphs 9-30.

38. Plaintiff was subject to unlawful discrimination on the basis of her color (dark skin) when, beginning on or about February 9, 2015, and continuing to the present, Defendant failed to give her a career ladder promotion to GS-13.

### Count IV – Equal Pay Act

39. Plaintiff hereby restates and incorporates paragraphs 9-30.

40. Plaintiff was subject to unlawful discrimination on the basis of her gender (female) when, beginning on or about February 9, 2015, and continuing to the present, Plaintiff continually performed substantially similar work under similar working conditions that require substantially equal skill, effort, and responsibility to at least one male employee who was paid more by virtue of being a GS-13.

**RELIEF REQUESTED**

As a direct result of Defendant's discrimination, Plaintiff has suffered and continues to suffer irreparable injury to her professional career, emotional pain, loss of enjoyment of life and other injuries.  WHEREFORE, Plaintiff Crystal Harmon requests judgment against Merrick B. Garland, Attorney General of the United States Department of Justice, as follows:

A.      Promotion to GS-13, retroactive to February 9, 2015, with back pay and interest as specified under the Back Pay Act.

B.      $300,000.00 in compensatory damages and pecuniary damages.

C.      Reasonable attorneys' fees and costs.

D.      Such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff Crystal Harmon demands a jury to determine all issues so triable.

Respectfully submitted,

__/s/ Mary E. Kuntz_____
Mary E. Kuntz
VA Bar No. 76947
Attorney for Plaintiff Dr. Crystal Harmon

Kalijarvi, Chuzi, Newman & Fitch PC
808 Connecticut Avenue NW,  Suite 1000
Washington, D.C. 20006
TEL: (202) 331-3936
FAX: (855) 231-4460
mkuntz@kcnlaw.com

6